

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4029

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lin v. Atty Gen USA" (2006). *2006 Decisions*. Paper 174.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/174

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4029

DONG LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A77-354-082)
Immigration Judge: Honorable Annie S. Garcy

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 7, 2006

Before: SCIRICA, *Chief Judge*, BARRY and ALDISERT, *Circuit Judges*

(Filed: November 20, 2006)

OPINION OF THE COURT

ALDISERT, *Circuit Judge*

Dong Lin petitions for review of a final order of the Board of Immigration Appeals

("BIA"), which affirmed an Immigration Judge's ("IJ") denial of Lin's requests for

asylum, withholding of removal and relief under the Convention Against Torture

("CAT"). We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252.

We will deny the petition.

## I.

The parties are familiar with the facts and proceedings before the BIA and the IJ,

so we will revisit them only briefly. Dong Lin is an unmarried native and citizen of China

whose girlfriend was forced to undergo an abortion. He alleges that he was arrested as a

result of his girlfriend's pregnancy, but escaped from police custody after one day of

detention with the aid of a sympathetic guard. He also alleges that the police continue

searching for him in China. Lin came to the United States alone with the aid of a

smuggler. He arrived on March 21, 2001, without a valid entry document, and was issued

a Notice to Appear. The IJ found Lin ineligible for asylum, withholding of removal or

relief under CAT. The BIA summarily affirmed.

## II.

In this case, where the BIA affirmed the IJ's judgment without opinion, "we

review the IJ's opinion and scrutinize its reasoning." Dia v. Ashcroft, 353 F.3d 228, 245

(3d Cir. 2003).  We review the IJ's legal conclusions de novo. See Ezeagwuna v.

Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). We will uphold factual determinations of the

IJ that are supported "by reasonable, substantial and probative evidence on the record

considered as a whole." Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004). Our review is

based "only on the administrative record on which the order of removal is based," and

"administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(A)-(B).

The Immigration and Nationality Act, 8 U.S.C. § 1158(b)(1)(A), authorizes the Attorney General to grant asylum to an alien who demonstrates that he is a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42). Section 1101(a)(42) defines a "refugee" as an alien who is "unable or unwilling to return to . . . [his country] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." Whether an alien has established a well-founded fear of persecution turns on the "subjective mental state of the alien" and on the objective nature of his reasons for fearing persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-431 (1987). An alien's credible testimony may be sufficient evidence of a well-founded fear, "where the testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis for his fear." Matter of Mogharrabi, 19 I. & N. Dec. 439, 445 (BIA 1987). The relief of asylum is not mandatory, but rather falls to the discretion of the Attorney General. Cardoza-Fonseca, 480 U.S. at 428 n.1.

Certain limitations on the reproductive rights of one's spouse may constitute persecution under the Immigration and Nationality Act. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 amended 8 U.S.C. § 1101(a)(42) by adding the following language:

[A] person who has been forced to abort a pregnancy or to undergo

3

> involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42). The BIA has held that the spouse of a woman forced to undergo an abortion under China's "one couple, one child" policy is deemed to have suffered past persecution under § 1101(a)(42). Matter of C-Y-Z-, 21 I. & N. Dec. 915 (BIA 1997).

In Chen v. Ashcroft, however, we refused to extend the holding of Matter of C-Y-Z- to protect the fiance of a Chinese woman forced to undergo an abortion. 381 F.3d 221, 224 (3d Cir. 2004). We determined that the BIA had drawn a "distinction . . . between married and unmarried couples," and "[w]e defer[red] to this interpretation" under Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). Chen, 381 F.3d at 227, 235.

### III.

In the case at bar, the Petitioner argues that he merits asylum for two reasons: he alleges first that he was briefly detained as a result of his girlfriend's pregnancy, and, second, that his girlfriend's forced abortion constitutes persecution of him on account of his political opinion.

Although the IJ found credible Petitioner's claim that he had been detained, the IJ did not accept that the alleged detention resulted from his girlfriend's unauthorized pregnancy. The IJ went to some lengths to express that she had found portions of

4

Petitioner's testimony credible, stating that she was "confident about the Respondent's credibility and believes that he is credible . . . ." When it came to Petitioner's contention that his detention was brought on by his girlfriend's pregnancy, however, the IJ was less convinced:

> The [Petitioner] claims that he has been arrested and released, but there is absolutely nothing that the respondent has done to really explain to the Court what kind of charges must be against him. He claims that he fears that he's going to be sent away to some sort of re-education camp for unmarried men, presumably to be taught birth control or abstinence or whatever, but the Court has not one hint or bit of information to convince the Court that such a program in fact exists. Therefore, the respondent has presented no evidence whatsoever that the government of China seeks to persecute him through its coercive population control measures, because there's no evidence of any measures that exist that are ever taken against the unmarried male.

(App. at 36.) The IJ was troubled by Petitioner's failure to present evidence that China has any law penalizing unmarried men whose girlfriends become pregnant. The IJ granted Petitioner an extension to obtain information about such a law, but Petitioner did not present any. (App. at 34.) Given the absence of evidence of any such law, the IJ also found that Petitioner had failed to show that he would be arrested or otherwise persecuted upon his return to China.

As to Petitioner's second alleged basis for obtaining asylum—his girlfriend's abortion—the precedential bite of our decision in Chen precludes us from granting relief. It is helpful to examine the facts in Chen. In that case, the male petitioner and his fiancée lived together at the petitioner's parents' house. Cai Luan Chen and Chen Gui were then

5

19 and 18 years of age, respectively. The couple discovered that Chen Gui was pregnant, and they applied for a marriage license at the local government office. They were told that their application could not be approved since the legal age to marry was 25 for men and 23 for women.

We are satisfied that the material facts in the case at bar fall squarely within the precedential shadow cast by Chen, and this compels us to deny relief. See Allegheny County Gen. Hosp. v. NLRB, 608 F.2d 965, 969-970 (3d Cir. 1979) (footnote omitted) (describing the doctrine of precedent). Like Cai Luan Chen, Petitioner was not married to his girlfriend when she was forced to undergo an abortion. If anything, Petitioner's claim is weaker than that of Cai Luan Chen because he is not and never was engaged to his girlfriend; thus, he is less able to argue that he has lost the "opportunity to have and raise children." Chen, 381 F.3d at 226.

The IJ correctly determined that Petitioner failed to make out a legally sufficient claim that his girlfriend's forced abortion constituted persecution of him. Separately, the factual determinations of the IJ rested on substantial evidence in the record which, considered as a whole, supported the IJ's conclusion that the evidence was insufficient to meet Petitioner's burden of proof.

IV.

In addition to asylum, Petitioner seeks withholding of removal and relief under CAT. A person who seeks withholding of removal must show that his "life or freedom would be threatened" on account of one of the five grounds enumerated in §

6

1101(a)(42)(A). To show that his life or freedom would be threatened, the alien must establish a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 430 (1984). Under the clear probability standard, an alien must prove that it is "more likely than not" that he would be subject to persecution on account of one of the five statutory grounds. Id. at 424. This clear probability standard requires a greater evidentiary showing than is needed to establish a well founded fear—the requirement for asylum. Cardoza-Fonseca, 480 U.S. at 446. "Thus, if an alien fails to establish the well-founded fear of persecution required for a grant of asylum, he or she will, by definition, have failed to establish the clear probability of persecution" needed to qualify for withholding of removal. Zubeda v. Ashcroft, 333 F.3d 463, 469-470 (3d Cir. 2003). In the case at bar, in which Petitioner has failed to make out a claim for asylum, he cannot meet the "clear probability" standard. The IJ therefore was correct in dismissing Petitioner's claim for withholding of removal.

Petitioner's CAT claim also lacks merit. He did not refer to torture at his hearing before the IJ, and does not raise any issue on appeal regarding CAT. His CAT claim is therefore deemed abandoned and waived. Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

## V.

We have considered all contentions of the parties and conclude that no further discussion is necessary.

The petition for review will be denied.